Avery, J.
The plaintiffs in error commenced an action of ejectment before the common pleas of Hamilton county, against Adam Moore.
The case was submitted to the court, and determined in favor of the plaintiff in ejectment. The defendant obtained a bill of exceptions, containing the evidence in the case, and the points decided, and made the same a part of the record. This bill, after setting out the necessary facts to establish the plaintiff’s title to the land, and to show his right to recover a judgment, contains, as exhibited on the part of the defendant, a transcript of certain proceedings in chancery, before the court of common pleas of said Hamilton county, commenced on the 8th of November, 1814. The proceedings were in the name of Jacob Burnett, James Findley and William H. Harrison, as complainants, against the heirs of Enoch Morgan, deceased; they were instituted upon a mortgage of the premises, executed by said Enoch Morgan to *137 said Burnett, Findley and one William McMillen, and resulted in a decree by which said heirs were forever foreclosed of all equity of redemption of the premises, in the complainant’s bill specified.
The court of common pleas decided that the proceedings in foreclosure above mentioned, were not binding upon the heirs of said Enoch Morgan, and would not prevent their recovering, in the action of ejectment.
When the cause was brought, by writ of error, before the supreme court in Hamilton county, the judgment of the common pleas was reversed for the following cause, to wit: “ That the said common pleas decided that the record of foreclosure, referred to in the bill of exceptions, was not a bar to the recovery sought by the plaintiff.”
The question for this court to decide, is, whether there is errhr in the judgment aforesaid, of the supreme court. It is found upon an examination of the bill of exceptions, that all the questions which can be raised in the present case, touching the validity and sufficiency of these proceedings in chancery, upon the mortgages, have already been decided by the court (18 Ohio Rep. 535), and unless we are to overrule that decision,, the judgment now before us, of the supreme court of Hamilton • county, must, as to the point therein determined, be sustained.
But it is insisted for ,the plaintiff in error, that there is a formal, though fatal defect in the proceedings before the court of common pleas, and as a consequence of that defect, that no. foundation is laid for reviewing upon a writ of error, the judgment of that court.
The record from the common pleas, does not show that after judgment was rendered by that court, a motion was made for a new trial, that motion overruled, and an exception taken to the decision of the court overruling the motion.
The bill of exceptions, after reciting all the evidence offered, states, as follows, that the counsel for the plaintiff claimed that the decree in the foreclosure suit was void, er *138 roneous and fraudulent on its face, and on the evidence above set forth; and that the defendant’s counsel claimed that the proceedings upon the foreclosure suit were, valid and binding upon the parties and all claiming under them, till reversed, and asked the court to decide that the decree and proceedings in chancery were a bar to the plaintiff’s right to recover; and further to decide upon the whole evidence, against the plaintiff’s right to recover. But the court of common pleas decided that the said decree and proceedings were not binding upon the lessors of the plaintiff, and did not preclude them from recovering in the action, and also decided, upon the whole evidence, that the plaintiffs were entitled to recover; to which several decisions of the court, the counsel of the defendant excepted, and prayed that his exceptions might be signed and sealed, which was done.
According to the statute, if a party alleges an exception to any opinion, order or judgment of the court, it is the duty of the judges concurring in the judgment, opinion or order, if required, to sign and seal a bill of exceptions. And this may be done at any time during the term, either before or after the judgment is entered upon the journal. In this case it is shown that the record of a decree, and of other proceedings in chancery, was exhibited, and was before the court as evidence, and further, that the defendant’s counsel asked the court to decide that the record constituted a bar to the plaintiff’s right to recover.
The court decided the question, but decided it against the defendant. If it had been determined otherwise, the judgment would have been given, of course, in his favor. .To the decision so made, the defendant excepted, and obtained a bill of exceptions, signed and sealed by the court — thus maintaining to the last, his objection to the decision, and placing the evidence of it upon the record. The objection is not well taken. In the opinion of this court, the record before us shows a sufficient compliance with the statute, to furnish a warrant for the proceedings in error.
Upon the merits, then, of the controversy between these parties, and upon the formal objection raised, we are of the *139 opinion that the judgment of the supreme court, rendered in Hamilton county, .was not erroneous, and therefore affirm that judgment.